## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

JERMAINE SMITH ,                                )
                                                )
                          **Plaintiff,**         )
v.                                              )          **No.: 21-cv-3140-MMM**
                                                )
ROB JEFFREYS, *et al.,*                          )
                                                )
                          **Defendants.**        )

### MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, currently confined at the Hill Correctional Center, files an amended complaint under 42 U.S.C. §1983, alleging various violations of due process at the Western Illinois Correctional Center ("Western"). The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff was given leave to file an amended complaint and inexplicably refiled his original complaint, appending the amended complaint to it. To further complicate matters, Plaintiff files over 50 pages of exhibits attached to the two pleadings. The clerk is hereby directed to strike that portion of the amended complaint which is merely a photocopy of the original complaint [ECF 16 1-22]. The clerk is to file [ECF 16 at 23-34] as the amended

1

complaint with [ECF 16 at 35-85] as the exhibits to the amended complaint. The Court notes, however, that these voluminous attachments were not necessary to the complaint and were not considered in this order. *Fitzgerald v. Dep't of Corr.*, No. 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007). Furthermore, while Plaintiff's complaint is confusing and ill-pled, it is not the job of the Court to "root" through the various exhibits "to make plaintiff's case for him…." *Rahn v. Bd. of Trustees of N. Illinois Univ.*, 803 F.3d 285, 294 (7th Cir. 2015).

Plaintiff's complaint is scattered and inconsistent, naming a dozen individuals. Plaintiff pleads that on October 12, 2019, he was accused of "something" by his cellmate, Michael Baker. An unidentified Lieutenant entered Plaintiff's cell, cuffed him, and took him to segregation. There, his clothes were taken, and he was given a jumpsuit and was without underwear, a T-shirt, or socks. Plaintiff also complains that the cell was "covered in blood and feces" and that he requested cleaning supplies which were not provided. Plaintiff claims that he remained in that cell under those conditions until his transfer from Western, apparently at least 30 days.

On October 16, 2019, an unidentified Internal Affairs Officer read Plaintiff his *Miranda* rights. On October 17, 2019, "a nurse named Miss Doyal and Sergeant Dannehold was rumored to have been telling inmates the Plaintiff raped his cellmate." It appears, from Plaintiff's prior pleading that he was, indeed, charged with raping his cellmate. Plaintiff claims, however, that when Defendants Doyal and Dannehold repeated this information, they placed him in an unidentified danger, by creating "their own narrative." Plaintiff reveals that on November 15, 2019, he was found guilty "of all charges" without identifying the charges or the penalty.

Plaintiff does not allege that the rumors caused him any particular injury, only that they hurt him and caused him to be emotionally broken. He later asserts that he received unspecified threats from another Western inmate. It is unclear whether there is a relation between the threat

2

and the rumor, as Plaintiff's complaint as to the threat centers on his not having been placed in protective custody. This claim, however, is too inconsistent and contradictory to be credited as Plaintiff has pled that Western "has the Plaintiff in protective custody right now. The 'rumors' per the institution has come full circle and the institution has not approved the Plaintiff for protective custody so the Plaintiff is in a constant state of trepidation." [ECF 16 at 28].

Plaintiff asserts, without context, that he did not take cellmate Baker's mental illness medications, and that he did not harm Baker as the injuries Baker exhibited were self-inflicted. Plaintiff claims, further, that Baker did not want to live with him due to "white privilege." This series of non sequiturs is not competent to stand as pleading.

Plaintiff alleges, again without context, that on November 8, 2019, inmate Phillips pushed an affidavit under Plaintiff's store and was attacked by correctional officers. Plaintiff claims that Defendant Sergeant Sessions destroyed the affidavit in full view of a surveillance camera. On November 10, 2019, and unidentified Officer packed Plaintiff's property box to prepare him for transfer. Plaintiff claims, however, that this was merely a ruse to allow Defendant Sergeant Dannehold to take affidavits out of Plaintiff's property box so as to "control the narrative." Plaintiff makes the indecipherable claim that "A.I. wished to interview Plaintiff again, but for impersonating a Brown County police officer and reading Plaintiff his rights." Plaintiff asserts that he knew not to trust the interviewer, did not give a statement, and was falsely accused of refusing to sign the disciplinary ticket.

Plaintiff alleges a due process violation in that Defendant nurse Doyal and IA Officer Maher did not give him his diabetes medications for 30 days and did so in retaliation for Plaintiff's refusal to cooperate with IA. Plaintiff pleads that he did not receive his medication until November 11, 2019, after Defendant Maher had completed the unspecified investigation.

Plaintiff also makes the claim that the Records Office did not have a copy of Plaintiff's written statement, not otherwise identified, in his file. Plaintiff believes unidentified individuals omitted it "without honoring Plaintiff's statement," so as to control the narrative.

**ANALYSIS**

The Court has had great difficulty in deciphering Plaintiff's complaint which is based on the claims that the various Defendants did not provide him due process. The Court finds that Plaintiff has a colorable deliberate indifference claim based on the allegations that Defendant Nurse Doyal withheld his diabetic medication for 30 days upon the direction of Defendant IA Officer Maher. This claim will proceed as to these two Defendants.

Plaintiff has alleged an otherwise actionable conditions of confinement claim regarding the segregation cell in which he was placed on October 12, 2019. Plaintiff alleges that he was held there until transferred from Western on an undisclosed date and that, all the while, the walls of the cell were filled with blood and feces. Here, however, Plaintiff does not name an individual defendant, claiming that "Mt. Sterling" (Western) held him in that cell. Plaintiff does not plead that he complained of these conditions to any staff member so as to have placed any individual on notice of them. In a conditions of confinement claim, the plaintiff must establish that he was at substantial risk of serious harm and that a defendant knew and was deliberately indifferent to that risk. *McRoy v. Sheahan*, No. 03-4718,2004 WL 1375527, at *2 (N.D. Ill. Jun. 17, 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834(1994)).

Plaintiff also alleges that Defendants Doyal and Dannehold violated his due process rights when they passed on rumors that he had raped his cellmate. Plaintiff does not claim that these "rumors" affected the disciplinary hearing so as to have interfered with procedural due process. In addition, Plaintiff does not have constitutionally protected right to be free from rumor

4

mongering so as to have suffered a substantive due process injury. Furthermore, to the extent that

Plaintiff may be alleging that the Defendants defamed him, this is not actionable under § 1982.

*Batagiannis v. Lafayette Comty. Sch. Corp.*, 454 F.3d 738, 742 (7th Cir. 2006).

The Court can speculate that the unidentified threat by the other inmate arose from the

rumor perpetuated by Defendants Doyal and Dannehold. Plaintiff does not plead this, however,

and makes no clear connection between the two. Even if it were otherwise, Plaintiff cannot

proceed on the claim against Defendants Doyal and Dannehold unless he establishes that they

were aware that their actions would put him at a "substantial risk of being attacked by other

inmates" *Cobian v. McLaughlin*, 717 Fed. Appx. 605, 610 (7th Cir. 2017) (citing *Farmer v.

Brennan*, 511 U.S. 825, 833, (1994)).

The remainder of Plaintiff's claims are too confusing and ill-pled to state a claim under

Fed. R. Civ. P. 8(a)(2). *See Ross Brothers Construction Co., Inc, v. International Steel Services,

Inc*. 283 F.3d 867, 872 (7th Cir. 2002) (the essential function of a complaint under the civil

rules...is to put the defendant on notice of the plaintiff's claim); *Marshall v. Knight,* 445 F.3d

965, 968 (7th Cir. 2006) (Rule 8(a)(2) requires a "'short and plain statement of the claim'

sufficient to notify the defendants of the allegations against them and enable them to file an

answer.")

**IT IS THEREFORE ORDERED:**

1.      The clerk is hereby directed to strike docket entry [16] and to refile the amended

complaint and attachments ([16] pp. 23-34 pp. 35-85) under a new docket number, identifying it

as an amended complaint.

2.      This case shall proceed solely on the claim that Defendants Doyal and Maher

were deliberately indifferent in withholding Plaintiff's diabetes medication for a 30-day period.

Additional claims will not be included in the case, except in the Court's discretion upon motion

by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil

Procedure 15. All other claims and all other Defendants are DISMISSED.

3.      The Clerk is directed to send to each Defendant pursuant to this District's internal

procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3)

a copy of the Complaint; and 4) a copy of this Order.

4.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30

days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that

Defendant and will require that Defendant pay the full costs of formal service pursuant to

Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided

by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall

provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding

address. This information will be used only for purposes of effecting service. Documentation of

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the

public docket nor disclosed by the Clerk.

5.      Defendants shall file an answer within the prescribed by Local Rule. A Motion to

Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in

this Order.

6.      Plaintiff shall serve upon any Defendant who has been served, but who is not

represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the

Court and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.      Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.      Plaintiff shall immediately notice the Court of any change in mailing address or phone number.  The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

**1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;**

**2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,**

**3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT**

**FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT**

**DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS**

**OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE**

**4(d)(2).**

ENTERED:   _2/9/2022_


                                    _s/Michael M. Mihm_
                                    MICHAEL M. MIHM
                                    UNITED STATES DISTRICT JUDGE